UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID DOKE,

    Plaintiff,

CASE NO.:

v.

**JURY TRIAL DEMANDED**

MIDLAND CREDIT MANAGEMENT, INC.

**CLASS COMPLAINT**

    Defendant.

_____/

## CLASS ACTION COMPLAINT

Plaintiff, David Doke, by and through undersigned counsel, files this Class Action Complaint against Midland Credit Management, Inc., and states as follows:

### PRELIMINARY STATEMENT

1. This is a class action brought under the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2. MCM provides debt collection services for its affiliate, Midland Funding, LLC ("Midland Funding"), a company that purchases charged-off debt from creditors. Both MCM and Midland Funding are subsidiaries of Encore Capital Group, Inc. Midland Funding's website describes the company as "one of the nation's largest buyers of unpaid debt."

3. The statute of limitations offers a complete defense to a lawsuit to collect an unpaid debt. A creditor that opts not to sue on a debt within the applicable statute of limitations period loses its right to take legal action to collect the debt. But in Florida, a consumer's mere partial payment on a time-barred debt resurrects the consumer's obligation by resetting the limitations period and gives the creditor or debt collector a second chance to file a lawsuit and potentially

obtain a judgment on previously uncollectable debt. In other words, if a consumer makes even a partial payment towards the debt, the statute of limitations is reset, and the consumer loses the defense.

4. Under Florida law, a judgment is valid for twenty years from the date of entry. Subject to certain exemptions, the judgment creditor has the right to execute on the judgment via levy on the debtor's real and personal property and to obtain a writ of garnishment on a debtor's bank accounts and wages.

5. Here, MCM attempts to extract money from unsuspecting consumers by inducing them to make partial payments on time-barred debt so that MCM can pursue legal remedies against the consumers for the unpaid balance.

6. Specifically, MCM fails to disclose to consumers that making a partial payment towards an otherwise time-barred debt creates a new obligation that will cause them to lose the statute of limitations' protection and make them vulnerable to a lawsuit to collect the remaining balance on the debt.

7. Most consumers do not know that making a partial payment on a time-barred debt has the effect of resurrecting the obligation and exposes them to the new risk of a lawsuit and potentially a judgment. Therefore, MCM's debt collection letters offering payment plans on time-barred debt, without the above-referenced disclosure in plain, unambiguous language, are misleading to consumers and violate federal and Florida law.

## JURISDICTION AND VENUE

8. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings claims under the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*. Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

9. Federal jurisdiction exists pursuant to 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act ("CAFA"), as the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and is a class action in which a member of the class of plaintiffs is a citizen of a state different from Defendant.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

## PARTIES

11. Plaintiff, David Doke ("Plaintiff" or "Mr. Doke"), is a natural person who resides in Hillsborough County, Florida. Plaintiff is a "consumer" under 15 U.S.C. § 1692a(3), and Fla. Stat. § 559.55(8).

12. Defendant, Midland Credit Management, Inc. ("Defendant" or "MCM"), is a Kansas corporation, with its principal place of business in California, and does business in the State of Florida, and is a "debt collector," as defined by 15 U.S.C. § 1692a (6) and Fla. Stat. § 559.55(7), as well as a "person" under Fla. Stat. §559.72.

13. Defendant, in the conduct of its business as a debt collector, used one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication, to communicate with Plaintiff.

14. The conduct of Defendant alleged in this Complaint was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant. At all times referenced in this Complaint, the agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment and acted with the consent, permission, and authorization of Defendant. Defendant has no excuse for the communications described in this Complaint.

## CLASS ACTION ALLEGATIONS

15. Plaintiff brings this action as a class action, pursuant to Federal Rule of Civil Procedure 23, on his own behalf and on behalf of all other similarly-situated consumers. The Class is defined as:

> All consumers in the State of Florida who were sent letters and/or notices from MCM substantially similar or materially identical to the Collection Letter sent to Plaintiff, relating to a consumer debt that was beyond the statute of limitations, on or after the date two years prior to the filing of this action.

16. Plaintiff also represents and is a member of a subclass (the "FDCPA Subclass"), which is defined as follows:

> All consumers in the State of Florida who were sent letters and/or notices from MCM substantially similar or materially identical to the Collection Letter sent to Plaintiff, relating to a consumer debt that Defendant acquired after it was in default and that was beyond the statute of limitations, on or after the date one year prior to the filing of this action.

### *Numerosity*

17. The Class is so numerous that joinder of all members is impracticable. Plaintiff estimates the Class has approximately 10,000 members.

### *Commonality*

18. There are questions of law and fact that are common to the Class and that predominate over questions affecting any individual Class member. Specifically, these common questions of law and fact include, without limitation, (1) whether Defendant violated the FCCPA, Fla. Stat. § 559.72(9) by sending Collection Letters that neglect to tell consumers that making a partial payment to MCM could revive its right to take legal action to collect and cause the consumers to lose their statute of limitations defense to a potential lawsuit; and (2) whether Defendant violated the FDCPA, 15 U.S.C.A § 1692d, e, and f, based on the conduct described in

this paragraph. Also, all the Class members reside in Florida and were sent the same or substantially similar communications from Defendant as described in this Complaint.

### *Typicality*

19. Plaintiff's claims are typical of the claims of the Class, which are based on the same operative facts and share the same legal theories. Plaintiff has no interest adverse or antagonistic to the interests of other Class members.

### *Adequacy of Class Representation*

20. Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in prosecuting class action litigation.

### *Predominance of Common Questions*

21. The common questions described in Paragraphs 18 predominate over any individual issues.

### *Superiority of Class Resolution*

22. A class action is superior to other methods to fairly and efficiently adjudicate this Complaint's claims. Plaintiff does not anticipate any unusual difficulties in managing the class action because the claims are based on MCM's standard conduct patterns.

23. A class action will permit many similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would create.

24. Class treatment will allow the Court to adjudicate relatively small claims by many Class members who could not otherwise afford to seek legal remedies for Defendant's conduct.

25. Without a class action, MCM will continue to violate the Class members' rights and the Class members will continue to suffer the loss of their legal rights, as well as monetary damages.

26. Defendant's actions apply generally to the entire Class and, accordingly, Plaintiff seeks relief that is appropriate for the entire Class.

## FACTUAL ALLEGATIONS

27. Plaintiff allegedly incurred and owed a consumer "debt" to Capital One as defined under 15 U.S.C. § 1692a(5) and Fla. Stat. §559.55(6). Plaintiff's debt to Capital One was a credit card used for personal, family and/or household use.

28. Plaintiff's debt was allegedly delinquent or in default when MCM obtained the right to collect the debt. According to the letter described below, the "Charge-Off Date" for the Capital One debt was November 30, 2009. Upon information and belief, MCM's affiliate, Midland Funding, LLC purchased Plaintiff's debt after November 30, 2009, and assigned its rights to collect the debt to MCM.

29. On or about March 23, 2018, MCM sent Plaintiff a letter to collect the debt (the "Collection Letter"). Plaintiff received the Collection Letter shortly after MCM mailed it. The Collection letter is a computer-generated form letter and, per information and belief, is routinely sent to many consumers. A copy of the Collection Letter is attached to this Complaint as **Exhibit A.**

30. At the time MCM sent the Collection Letter, MCM did not have the right to file a lawsuit to collect the debt because the applicable statute of limitations period on the debt had expired.

31.     Plaintiff's debt was "time-barred" and Plaintiff was entitled to assert the statute of limitations as a complete defense to any legal action to enforce the debt.

32.     In spite of this, MCM still sent the Collection Letter to attempt to collect on Plaintiff's time- barred debt. Any payment from Plaintiff would have given MCM an immediate return on its investment because, upon information and belief, MCM purchased the debt in bulk for pennies on the dollar. Any partial payment on the debt would revive MCM's ability to sue and collect the debt and cause Plaintiff to lose the statute of limitations defense.

33.     Here, MCM knew that Plaintiff's debt was time-barred as it included language in the Collection Letter referencing the age of the debt and stating that "we will not sue you for this debt." However, MCM did not disclose that even a modest payment on the time-barred debt would revive Defendant's right to file a lawsuit by resetting the statute of limitations.

34.     The Collection Letter offers Plaintiff several payment options and plans, and states, in pertinent part:

### AVAILABLE PAYMENT OPTIONS

**Option 1: 70% OFF**
**Option 2: 50% OFF**
     Over 12 months
**Option 3: Monthly Payments as Low As: $50 per month**
     Call today to discuss your options and get more details.

- **Save $35,151.21 if you pay by 3-23-2018-**
- **Put this debt behind you-**
- **No more communications on this account-**
- **Peace of mind-**

The law limits how long you can be sued on a debt and how long a
debt can appear on your credit report. Due to the age of this debt,
we will not sue you for it or report payment or non-payment of it to
a credit bureau.

We are not obligated to renew any offers provided.

Exhibit A (emphasis in original).

35. While a debt collector may seek repayment of a time-barred debt from a consumer, its communications must contain certain disclosures to prevent consumer deception.

36. According to the Federal Trade Commission, debt collectors must disclose to the consumer that they cannot be sued on the debt and that making even a partial payment will resurrect the creditor or debt collector's ability to pursue legal action and collect on the remaining balance of the debt. FTC, Repairing a Broken System: Protecting Consumers in Debt Collection Litigation and Arbitration (July 2010)[1]. This predicament often occurs when a consumer makes one or a few small installment payments under a payment plan offered in a collection letter. The partial payments effectively resurrect the dormant debt by creating a new agreement and resetting the statute of limitations, which allows the creditor or debt collector to file a lawsuit for the balance of the debt when the consumer defaults under the payment plan.

37. The Collection Letter fails to disclose to the consumer the potential pitfalls and exposure to new risk associated with making a partial payment on the time-barred debt. It violates the FCCPA and FDCPA because it is misleading, unfair, and deceptive to the least sophisticated consumer.

38. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

### COUNT I - VIOLATION OF THE FCCPA
### (Fla. Stat. §§ 559.72(9))

39. This is an action against Defendant for violation of Fla. Stat. § 559.55 *et seq.*

---

[1] *Available at* https://www.ftc.gov/sites/default/files/documents/reports/federal-trade-commission-bureau-consumer-protection-staff-report-repairing-broken-system-protecting/debtcollectionreport.pdf.

40. Plaintiff realleges and incorporates paragraphs 1 through 38, as if fully set forth herein.

41. Defendant communicated certain information to Plaintiff as set forth above, which constitutes a "communication" under Fla. Stat. § 559.55(2).

42. Fla. Stat. § 559.72(9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

43. Through its conduct, described above, Defendant violated Fla. Stat. §559.72(9) by failing to disclose in its communications with consumers the adverse consequences of making a partial payment towards a time-barred debt, as making even one modest installment payment could revive the right to file a lawsuit to collect the balance.

44. As a direct and proximate result of MCM's violations of Fla. Stat. §559.72(9), Plaintiff and Class members have been harmed.

45. Pursuant to Fla. Stat. § 559.77(2), because of MCM's violation of § 559.72(9), Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

46. Based on Defendant's willful, intentional, knowing, malicious, repetitive, and continuous conduct described in this Complaint, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

47. Each communication made in violation of the FCCPA is a separate justiciable issue entitled to adjudication on its individual merits and is eligible for an award of damages.

48. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

49. Plaintiff has retained the undersigned attorneys to pursue this claim against MCM on behalf of the Class members and is obligated to pay a reasonable fee for the attorneys' services.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, respectfully requests this Court enter a judgment in Plaintiff's favor, finding that Defendant violated §559.72(9) of the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff all such further relief that this Court deems necessary or appropriate.

### COUNT II - VIOLATION OF THE FDCPA
### (15 U.S.C. §§ 1692c(a)(2), 1692(e), 1692(f))
### (on behalf of the FDCPA Subclass)

50. This is an action against Defendant for violation of 15 U.S.C. §1692 *et seq.*

51. Plaintiff realleges and incorporates paragraphs 1 through 38, as if fully set forth herein.

52. Through the conduct described above, Defendant violated the following provisions of the FDCPA:

### 15 U.S.C. § 1692d

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

### 15 U.S.C. § 1692e

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

**15 U.S.C. § 1692f**

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

53. Specifically, Defendant violated 15 U.S.C. §§1692d, 1692e, and 1692f by, among other things, failing to disclose in its communications with consumers the adverse consequences of making a partial payment towards a time-barred debt, as making even one modest installment payment would revive the right to file a lawsuit to collect the balance.

54. Because of Defendant's violations of the FDCPA, Plaintiff is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to under the law.

55. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

56. Plaintiff has retained the undersigned attorneys to pursue this claim against MCM on behalf of the Class members and is obligated to pay a reasonable fee for the attorneys' services.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, respectfully requests this Court enter a judgment in Plaintiff's favor finding that Defendant violated §§ 1692d, 1692e, and 1692f of the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, and awarding Plaintiff all such further relief that this Court deems necessary or appropriate.

### COUNT III - DECLARATORY JUDGMENT ACT
### (28 U.S.C. § 2201 *et seq*)

57. This is an action against Defendant under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. An actual justiciable controversy exists regarding the legality of Defendant's

communications with consumers based on Defendant's continued and likely future use of communications substantially similar to or the same as the Collection Letter in its efforts to collect time-barred debt.

58. Plaintiff realleges and incorporates paragraphs 1 through 38, as if fully set forth herein.

59. Unless Defendant is immediately enjoined from continuing to attempt to collect the debt from Plaintiff as described above, Plaintiff will suffer irreparable injury.

60. Plaintiff has no adequate remedy at law.

61. Plaintiff has a legal right to the protections of the FCCPA and the FDCPA.

62. Given Defendant's conduct, and its apparent intention and ability to continue to collect the debt from Plaintiff in violation of those federal and Florida debt collection laws described above, Plaintiff has no adequate remedy at law. Plaintiff needs and is entitled to injunctive relief.

63. The requested declaratory judgment is reasonably necessary to protect the legal rights of Plaintiff and will have no adverse effect on the public welfare.

64. As detailed above, Plaintiff's debt was allegedly delinquent or in default and time-barred by the applicable statute of limitations. Nevertheless, Defendant sent collection letters to Plaintiff without any disclosure regarding the adverse consequences of entering into a payment plan or making a partial payment on a time-barred debt.

65. Because the debt allegedly owed by Plaintiff was time-barred, Defendant had no legal right to pursue and collect the debt.

66. Plaintiff believes that through the conduct described in this Complaint, Defendant has collected and attempted to collect time-barred debts from other consumers as well. Plaintiff

believes that Defendant will continue to collect and attempt to collect time-barred debts from consumers using communications substantially similar or the same as the Collection Letter.

67. Plaintiff therefore seeks a declaratory judgment finding that Defendant's conduct violates the FCCPA and FDCPA.

68. Further, Defendant should be enjoined from collecting or seeking to collect time-barred debts using communications substantially similar or the same as the Collection Letter.

69. Moreover, Defendant should be required to disgorge all amounts collected from consumers that made payments on time-barred debts pursuant to those communications substantially similar or the same as the Collection Letter as ill-gotten gains resulting from its improper and deceptive conduct.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, respectfully requests this Court enter a Declaratory Judgment in Plaintiff's favor: (1) finding that Defendant improperly and deceptively pursued collection of time-barred debts; (2) finding that Defendant violated the FCCPA and FDCPA; (3) enjoining Defendant from seeking to collect time-barred debts using communications substantially similar or the same as the Collection Letter; (4) requiring Defendant to disgorge any amounts received from consumers who allegedly owed time-barred debts and made payments to Defendant as a result of communications substantially similar or the same as the Collection Letter; and (5) awarding Plaintiff any and all damages as well as attorneys' fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated:  June 28, 2018

**KYNES, MARKMAN & FELMAN, P.A.**
P.O. Box 3396
Tampa, Florida  33601
Phone:  (813) 229-1118
Fax:      (813)  221-6750

/s/ Katherine Earle Yanes
**KATHERINE EARLE YANES, ESQ.**
Florida Bar. No. 658464
e-mail: kyanes@kmf-law.com
Attorney for Plaintiff

Respectfully Submitted,

**DUNLAP, BENNETT & LUDWIG, PLLC**
612 W. Bay Street
Tampa, Florida 33606
Phone:  (813) 360-1529
Fax:      (813) 336-0832

/s/ Brian L. Shrader
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@dbllawyers.com
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@dbllawyers.com
**ALEXANDER D. LICZNERSKI**
Florida Bar No. 123873
email: alicznerski@dbllawyers.com
Attorneys for Plaintiff